UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>TEMPLE WEST PLAZA and DOES 1–10,<br><br>  Defendants. | Case No.: CV 19-08931-CJC(Ex)<br><br>MEMORANDUM OF DECISION |

**I. INTRODUCTION**

Plaintiff Brian Whitaker brings this action against Defendant Temple West Plaza, alleging violations of the Americans with Disabilities Act ("ADA"). Plaintiff contends that the access routes to Defendant's shopping plaza were inaccessible in violation of the ADA.

On May 25, 2021, the Court conducted a one-day bench trial. The Court issues its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)

by this Memorandum of Decision. After carefully reviewing all the evidence, testimony, and arguments presented by the parties' counsel, the Court concludes that the removal of the alleged barriers is not readily achievable.

## II. FINDINGS OF FACT

On September 27, 2019, Plaintiff visited a shopping plaza owned by Defendant located at 1925 W. Temple Street, Los Angeles, California. During his visit, he encountered portions of access routes from the public street to the plaza which had over a 1:20—or 5%—slope, in violation of the ADA. Nevertheless, Plaintiff was able to visit three stores in the plaza. As a result, Plaintiff brought the instant action asserting that Defendant's failure to remove the architectural barrier of excess slope is disability discrimination in violation of the ADA.

## III. CONCLUSIONS OF LAW

Discrimination under Title III of the ADA includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is *readily achievable*." 42 U.S.C. § 12182(b)(2)(A)(iv) (emphasis added). In addition, even if "an entity can demonstrate that the removal of a barrier . . . is not readily achievable," the entity is still liable under the ADA if it fails to "make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" so long as "such methods are *readily achievable*." *Id.* § 12182(b)(2)(A)(v) (emphasis added). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty and expense." *Id.* § 12181(9). Accordingly, to prevail on his discrimination claim, Plaintiff must establish either: (1) that Defendant failed to alter the paths of travel when doing so was readily achievable; or (2) even if the alteration was not readily achievable, that Defendant could have made the plaza's

services available to Plaintiff through alternative methods without much difficulty or expense. *See* 42 U.S.C. § 12182(b)(2)(A)(iv)–(v). Plaintiff has failed to make either showing.

### A. Readily Achievable

As an initial matter, Plaintiff asserts that Defendant waived its right to assert the "readily achievable" affirmative defense. Plaintiff asserts that Defendant waived the defense in an interrogatory response, (Dkt. 53 [Plaintiff's Trial Brief] at 3), but does not provide evidence to support this claim. Defendant has pleaded the defense in its answer, (*see* Dkt. 9), and continued to assert it throughout this litigation, (*see* Dkt. 27 [Defendant's Opposition to Plaintiff's Motion for Summary Judgment]; Dkt. 55 [Defendant's Trial Brief]). Plaintiff has not offered evidence to the contrary. Accordingly, the Court finds that this defense was not waived

While Plaintiff bears the initial burden of plausibly showing that barrier removal is "readily achievable under the particular circumstances," Defendant "bears the ultimate burden of persuasion" regarding the affirmative defense that a suggested method of barrier removal is not readily achievable. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020) (citing *Colo. Cross Disability Coal. v. Hermanson Fam. Ltd. P'ship*, 264 F.3d 999, 1002–03, 1006 (10th Cir. 2001)). To determine whether "an action is readily achievable" the Court considers several factors, including:

(A) the nature and cost of the action needed [];

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)–(D); *see also Lopez*, 974 F.3d at 1038. According to Department of Justice guidance, "[a] public accommodation would not be required to remove a barrier to physical access posed by a flight of steps, if removal would require extensive ramping or an elevator. The readily achievable standard does not require barrier removal that requires extensive restructuring or burdensome expense." ADA Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities, § III-4.4200, *available at* https://www.ada.gov/taman3.html (hereinafter "ADA Technical Assistance Manual"). In other words, barrier removal is readily achievable when "the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *See Lopez*, 974 F.3d at 1038.

Here, the Court finds that barrier removal is not readily achievable because the costs clearly outweigh the benefits. Plaintiff primarily relied on the testimony of his expert Soyoung Ward, an architect and certified access specialist. Ms. Ward testified that she inspected the path of travel from the public sidewalk, through the parking lot, to the shopping plaza for accessibility issues. During the inspection, she took photographs which are included in her expert report. (*See* Ex. 105 [Ward Report].) Because there are no dedicated pedestrian entrances, pedestrians entering from the public sidewalk must enter through one of two driveways. (*See id.* at 6, 11.) Ms. Ward took several slope measurements of these driveways and found that they measured between 7.8% and 8.5% at certain points, exceeding the 5% maximum slope permitted by the ADA. (*See id.* at 4,

8, 13.) Ms. Ward also observed two areas on a sidewalk connecting the plaza's stores that had non-compliant slopes. (*Id.* at 15.)

Based on her inspection, Ms. Ward proposed the creation of a ramp leading from the public street into the parking lot and the addition of handrails on the walkway connecting stores in the plaza. (*See id.* at 5, 15.) The Court finds that the benefits of her proposal are nominal. The plaza is decades old and the parking lot and paths of travel have become warped and worn over time. (*See* Ex. 102 [Certificate of Occupancy Issued May 7, 1991]; Ward Report.) Even after entering the parking lot by way of Plaintiff's proposed ramp, a person would have to navigate through the parking lot which appears to have other areas with non-compliant slopes, including a drainage channel which runs through the entire parking lot. (*See, e.g.*, Exs. 122–23.)

Further, the marginal benefits of Plaintiff's proposal are outweighed by their costs. Plaintiff's construction expert Cory Slater, a general contractor, testified that the estimated cost of constructing Ms. Ward's proposal was $10,473. (*See* Ex. 107 [Job Estimate].) Defendant, however, had its own expert submit a job proposal with an estimated cost of $26,930. (*See* Ex. 101.) The Court finds Defendant's estimate more reliable because Plaintiff's own expert—Mr. Slater—found it reasonable and more detailed than his own estimate. Additionally, Mr. Slater's estimate was based on Ms. Ward's proposal which did not consider the impact on parking spaces. Cross-examination revealed that she did not measure the parking spaces in the lot and her proposal was likely to displace a significant amount of parking spaces. Mr. Slater testified that he had concerns about parking space displacement in Ms. Ward's proposal and preferred an alternative plan created to avoid parking space displacement. Mr. Slater, however, did not submit an estimate for his alternative plan.

The Court finds that a cost of over $26,000, the likelihood of displacement of parking spaces in the lot, and the interruption to Defendant's business outweigh the nominal benefit of correcting slopes on the path of travel which exceed ADA requirements by a few percentage points.[1] Courts have found construction costs of this magnitude to be outside the "readily achievable" standard. *See Moore v. Robinson Oil Corp.*, 2012 WL 2120589, at *7 (N.D. Cal. June 11, 2012) (finding a $30,000 restroom construction not "readily achievable"). Further, the "ADA Improvements" detailed in Defendant's job proposal constitutes "extensive restructuring" not required under the readily achievable standard. *See* ADA Technical Assistance Manual. Specifically, Defendant's job proposal includes demolition of "576 sq. ft. of existing asphalt parking to make room for new concrete access ramp," construction of new ADA compliant ramp, and removal and replacement of non-compliant swale. (Ex. 101 at 1.) Both Ms. Ward and Defendant's expert opined that any proposal would likely require the services of an architect or an engineer, an additional cost. Simply stated, Defendant has shown that removal of the slope barriers on the plaza's paths of travel is not readily achievable.

### B. Alternative Methods

Even if correcting the slope barriers on the plaza's paths of travel was not readily achievable, Plaintiff could still prevail on his Title III discrimination claim if he establishes that Defendant chose not to make the plaza available to him even though it could have done so through alternative methods without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(v). Plaintiff offered no evidence to suggest that Defendant did not offer alternative methods. Indeed, parties stipulated to the fact that Plaintiff was able to patronize three stores in the plaza during his visit. Accordingly, the plaza's

---

[1] While Plaintiff did not address all the § 12181(9) factors, the Court presumes that Defendant can afford the cost of barrier removal.

services were made "available through alternative methods" pursuant to § 12182(b)(2)(A)(v).

## IV. CONCLUSION

The Court finds in favor of Defendant. Removal of the architectural barriers in Defendant's plaza are not readily achievable and Plaintiff has failed to show that Defendant failed to make the plaza's services available through alternative methods. A judgment consistent with this memorandum of decision shall issue concurrently herewith.

DATED: June 8, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE